IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

    Plaintiff,                      No. CIV 2:02-cv-02645 ALA P

    vs.

D. L. RUNNELS, et. al.,

    Defendants.             <u>ORDER</u>

        Plaintiff Gregory L. Brown is a California state prisoner proceeding pro se. Mr. Brown seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his rights guaranteed by the First and Eighth Amendments of the United States Constitution and his rights under the Americans with Disabilities Act ("ADA"). Defendants Edward Alameda, L. Alexander, T. Bainbridge, D. J. Blankenship, W. Brewer, T. Cole, D. Davey, J. Feliciano, T. Felker, A. Fiegener, G. Harrison, G. Hibbits, T. Jackson, R. S. Johnson, T. Kopec, S. Leighton, G. Lucas, J. Lynn, A. J. Malfi, A. Martin, J. Norlin, Quiggle, Linda L Rianda, D. L. Runnels, T. Surges, R. Weeks, and M. Wright (hereinafter "Group Defendants") moved to dismiss Defendants Brewer, Hibbits and Leighton from this action. Group Defendants also requested the Court to dismiss nine of the twenty-two claims alleged in Mr. Brown's Second Amended Complaint. Additionally, Defendant Jeffery W. Rohlfing filed a separate motion, seeking to be dismissed from this action. For the reasons stated below, Defendant Rohlfing's motion is denied.

1

Additionally, the Court grants Group Defendants' motion to dismiss Mr. Brown's ADA claim against Defendants Martin, Johnson, Felker, Malfi, Surges, Alameida, Rianda, Runnels, Kopec, Fleischman, Fiegner and Cole in their individual capacities. The Court denies Group Defendants' motion to dismiss in all other respects.

# I

On December 11, 2002, Mr. Brown brought this civil rights action against 32 employees of the California Department of Corrections and Rehabilitations ("CDCR") pursuant to 42 U.S.C. § 1983. With the Court's permission, Mr. Brown amended his complaint on May 23, 2003 and then for a second time on December 12, 2004. The Second Amended Complaint names 48 defendants. Forty-seven of the Defendants are employees of the CDCR and the forty-eighth Defendant is the High Desert State Prison. All of the individual Defendants are being sued in their individual and official capacities.

The Second Amended Complaint contains twenty-two claims. Specifically, Mr. Brown alleges in the Complaint that: 1) he was assaulted by Defendant Harrison on April 22, 2002; (Second Amended Complaint, ¶¶ 23-26.) 2) Defendant Lucas deliberately failed to prevent the alleged assault on April 22, 2002; (*Id.* at ¶ 23.); 3) Defendant Davey was deliberately indifferent toward the injuries that he sustained from the alleged assault on April 22, 2002; (*Id.* at ¶¶ 27-28.) 4) Defendants violated his due process rights by summarily charging him with attempted battery on Defendant Harrison on April 22, 2002 and imposing "an aggravated nine months SHU term upon him for a 'non-SHU-able' offense;" (*Id.* at ¶ 29-37.); 5) Defendant Quiggle was deliberately indifferent to his health by "clear[ing] [him] for ad seg placement without any of his medically approved health-care appliances;" (*Id.* at ¶ 38, 42.) 6) Defendants Rohlfing and Runnel was deliberately indifferent to his health by failing to properly treat his "excruciating pain as a result of his avascular necrosis of both hips, and his need for stronger pain medication to alleviate his ongoing suffering;" (*Id.* at ¶ 39-42.) 7) Defendants failed to accommodate his medical needs by modifying his exercise schedule; (*Id.* at ¶ 43-47.); 8) on October 16, 2002,

Defendants Barron and Hibbits moved him to a new cell in retaliation against him for filing a complaint with the Board of Control; (*Id.* at ¶ 48-49.); 9) On November 7, 2002, Defendant Leighton moved him to another new cell in retaliation for his communications with the California Attorney General's Office; (*Id.* at ¶ 50.) 10) Defendants Leighton, Brewer and Lynn used excessive force against him on November 7, 2002; 11) Defendant Wright placed him on "management control status" without due process; (*Id.* at ¶ 51.) 12) Defendants Braida and Leighton subjected him to cruel and unusual punishment by denying him access to toilet paper, soap, toilet powder, and tooth brush; (*Id.* at ¶ 52.); 13) Defendants Jackson and Bainbridge attacked him on December 21, 2002, in retaliation against him for filing this action and for filing two administrative grievances; (*Id.* at ¶54-56.)  14) Defendant Hibbits destroyed his personal property in retaliation against him for filing this action and for filing two administrative grievances; (*Id.* at ¶ 56.) 15) Defendant Lynn failed to prevent Defendant Hibbits from destroying his property; (*Id.*) 16) Defendant Halsath failed to properly treat the injuries he allegedly sustained on December 21, 2002; (*Id.* at ¶ 57.) 17) Defendants Weeks and Alexander attacked him after his medical treatment; (*Id.* at ¶ 58.) 18) Defendant Lynn failed to prevent the assault by Defendants Weeks and Alexander; (*Id.* at ¶ 58.)  19) Defendant Wright subjected him to cruel and unusual punishment and deprived him of due process by placing him on ten days of "management control status" and depriving him of items such as eating utensils, toilet paper, soap, tooth brush, tooth paste/powder, bed linens, and clothing; (*Id.* at ¶ 60.); 20) Defendant Weeks tampered with or destroyed his meals on January 12, 24, 26 and February 2, 2003 in retaliation against him for filing an administrative grievance; (*Id.* at ¶ 61.) 21) Defendants Weeks, Cole and Feliciano "discarded [his] . . . canteen items" in retaliation against him for filing an administrative grievance; and (*Id.*) 22) Defendant Cole "deprived him canteen" for the month of March 2003 in retaliation against him for filing an administrative grievance. (*Id.*)

On May 19, 2005, Magistrate Judge Kimberly J. Mueller screened the Second Amended complaint pursuant to 42 U.S.C. § 1915(A) and concluded that:

3

> If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the following claims against the following defendants:
>
> 1) Eight Amendment: Harrson, Lucas, Davey, Quiggle, Rohlfing, Runnels, Martin, Johnson, Felker, Malfi, Surges, Alameida, Kopec, Fleischman, Fiegner, Cole, Leighton, Brewer, Lynn, Wright, Braida, Jackson, Bainbridge, Halsath, Weeks and Alexander;
> 2) ADA: Martin, Johnson, Felker, Malfi, Surges, Alameida, Rianda, Runnels, Kopec, Fleischman, Fiegner and Cole; and
> 3) First Amendment Retaliation: Leighton, Brewer, Lynn, Wright, Felker, Blankenship, Norlin, Fleischman, Kopec, Jackson, Hibbits, Weeks, Alexander, Cole and Feliciano.

Magistrate Judge Mueller further held that: "With respect to the remainder of the defendants and claims identified in plaintiff's second amended complaint, plaintiff's second amended complaint fails to state a claim upon which relief can be granted."

On May 17, 2007, Defendant Rohlfing filed a motion, seeking to be dismissed from this action pursuant to Rule 12 of the Federal Rules of Civil Procedure. On June 8, 2007, Group Defendants moved to dismiss Defendants Brewer, Hibbits and Leighton from this action pursuant to Rule 12(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Group Defendants also requested the Court to dismiss eight of the claims alleged in Mr. Brown's Second Amended Complaint. Mr. Brown opposes these motions.

## II

In considering a motion to dismiss, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232 (1974) *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183, 190-91 (1984).

### III

#### A

Group Defendants first contend that three of the named Defendants and seven of the claims raised by Mr. Brown should be dismissed because he failed to exhaust administrative remedies within the CDCR. Defendants specifically maintain that Mr. "Brown did not submit any grievance regarding [those] claims." Defendant Rohlfing moves to be dismissed from this action for the same reason. The claims at issue are claims four, five, six, eight, and twenty through twenty-two. Mr. Brown claims in his oppositions to Defendants' motions to dismiss that "prison officers [were] 'selectively' stealing or otherwise interfering with prisoners', particularly Greg's 602-grievances, complaints, etc. to obstruct access to the court."

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Nonexhaustion under § 1997e(a) is an affirmative defense under the PLRA. *Jones v. Bock*, _U.S._, 127 S.Ct. 910, 921 (2007). Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

5

otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, _ U.S. _, 126 S.Ct. 2378, 2382 (2006). However, a prisoner need not continue to pursue administrative remedies if "there is no further possibility that corrective action will be taken in response to [the] grievance." *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (internal quotation marks omitted).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal Code Regs tit 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: "(1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, (4) third level appeal to the director of the California Department of Corrections." *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *Id*. at 1237-38. Title 15, section 3084.6(c) of the California Code of Regulations requires inmates to file an appeal "within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision."

The Ninth Circuit has held that "there can be no 'absence of exhaustion' unless some relief remains 'available,' [and] a defendant must demonstrate that pertinent relief remained available." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (citing *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002)). In *Croak*, the § 1983 plaintiff contended that he did not exhaust administrative remedies within the prison because "officials in the security department of the prison thwarted his efforts to exhaust his administrative remedies . . . ." *Id.* at 113. The Third Circuit Court of Appeals concluded that if the plaintiff's contention is proved to be true then "the formal grievance proceeding . . . was never 'available' to [him] within the meaning of 42 U.S.C. § 1997e." *Id.* Therefore, the Court vacated the district court's order dismissing the plaintiff's claims. *Id.* Similarly, the Second Circuit has also held that "non-exhaustion is an affirmative

6

defense subject to estoppel in cases where prison officials inhibit an inmate's ability to utilize administrative grievance procedures." *Giano v. Goord*, 380 F.3d 670, 677 (2nd Cir. 2004); *see also, Miller v. Norris*, 247 F.3d 736, 740 (8th Cir 2001) ("a remedy that prison officials prevent a prisoner from utilizing is not an available remedy under § 1997e(a)") (internal quotation marks omitted).

Mr. Brown alleges in the Second Amended Complaint that he "exhausted all available administrative remedies within the California Department of Corrections." In Mr. Brown's oppositions to Defendants' Motions to Dismiss, Mr. Brown submits copies of the relevant grievance forms he allegedly filed with the CDCR. He claims that these grievance forms never reached their intended destinations because prison officials stole them. Defendants have not offer any evidence to disprove this claim of theft by Mr. Brown. The parties should be permitted to take discovery to prove or disprove Mr. Brown's allegation of theft by prison officials. Accordingly, at this stage, Defendants have not met their burden of proving the affirmative defense of failure to exhaust administrative remedies.

**B**

Group Defendants next contend that Mr. Brown's claim that they failed to accommodate his medical needs by modifying his exercise schedule should be dismissed because "the ADA [] prohibits discrimination in programs of a 'public entity,'" and "[i]ndividual defendants . . . do not meet the statutory definition of a 'public entity.'"

The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities"); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA"). The Second Amended Complaint alleges that

7

1  Defendants "are sued in their individual and official capcit[ies]."  Accordingly, Mr. Brown's
2  ADA claim against Defendants Martin, Johnson, Felker, Malfi, Surges, Alameida, Rianda,
3  Runnels, Kopec, Fleischman, Fiegner and Cole in their individual capacities are dismissed.  Mr.
4  Brown's ADA claim against those Defendants in their official capacities remains viable.
5     Group Defendants further contend that "[t]o the extent that [Mr.] Brown seeks injunctive
6  relief under the ADA, that relief is barred by the *Armstrong* [*v. Davis*] consent degree."  "In
7  1994, an ADA/RA suit [against the CDCR and other defendants] on behalf of all present and
8  future California State prisoners and parolees with mobility, sight, hearing, learning, and kidney
9  disabilities was brought in federal court."  *Crayton v. Terhune*, No. C 98-4386, 2002 WL
10 31093590, at *4 (N.D. Cal. Sept. 17, 2002).  On September 20, 1996, the District Court in
11 *Armstrong* found that defendants violated 42 U.S.C. § 12131 et. seq. and § 504 of the
12 Rehabilitation Act.  *Armstrong v. Daivs*, No. C 94-02307 (N.D. Cal. Sept. 20, 1996).  The
13 *Armstrong* Court later entered a permanent injunction against the defendants.  *Armstrong v.*
14 *Daivs*, No. C 94-02307 (N.D. Cal. Mar. 21, 2001).  In the permanent injunction order, the Distrct
15 Court indicated that it would "retain jurisdiction to enforce the terms of this injunction."  *Id.* at 4.
16 Relying on *Crayton*, Defendants contend that Mr. Brown's request for injunctive relief under the
17 ADA should be dismissed and that he should be ordered to "pursue his request via the consent
18 decree or through class counsel."  However, *Crayton* is distinguishable from this case.  In
19 *Crayton*, the Court concluded that the plaintiff's ADA claim was covered by the *Armstrong*
20 consent degree after the parties took discovery, and after defendants submitted "forms
21 documenting [the plaintiff's] disabled status." 2002 WL 31093590, at *4.  In fact, the Court in
22 *Crayton* denied the defendants' earlier motion to dismiss.  *Id.* at *4.  The parties in this case have
23 not had any opportunity to take discovery.  While the Group Defendants claim that Mr. "Brown
24 is a member of the class of to which *Armstrong* applies," it has not submitted any evidence to
25 substantiate this claim.  Accordingly, the Court must deny the Group Defendant's motion to
26 dismiss Mr. Brown's request for injunctive relief under the ADA.

**C**

Defendant Rohlfing argues that Mr. Brown "has failed to state a cognizable claim against [him] for deliberate indifference to serious medical needs." "The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). However, "not every breach of that duty is of constitutional proportions." *Id.* The Ninth Circuit has held that "[m]ere medical malpractice does not constitute cruel and unusual punishment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). "Instead, the Eighth Amendment is violated when prison officials demonstrate deliberate indifference to serious medical needs." *Id.* at 744 (internal quotation marks omitted). Prison officials's "conduct must constitute unnecessary and wanton infliction of pain before it violates the Eighth Amendment." *Id.*

Mr. Brown alleges in his Second Amended Complaint that during his incarceration he suffered from avascular necrosis which produced "constant and progressive excruciating pain." The Complaint further alleges that "[b]etween April 22, 2002 and May 23, 2003," Dr. Rohlfing "continuously and deliberately prescribed pain medication in which he knows does not ease Greg's very severe pain." The Complaint also alleges that Dr. Rohlfing responded to Mr. Brown's repeated requests for medication by stating "I don't prescribe drug addicts narcotics, stop crying about your need for stronger medications." These allegations are sufficient to withstand a motion to dismiss. *See King v. CDCR,* No. CIV S-06-0065, 2007 WL 2069933, at *6 (E.D. Cal. July 16, 2007) (recommending denying motion to dismiss Eighth Amendement claim due to allegations of "deliberate indifference" in medical care).

**D**

Defendant Rohlfing argues that he "is entitled to qualified immunity for his alleged conduct." As the Supreme Court instructed in *Saucier v. Katz*, 533 U.S. 194 (2001), prison officials are entitled to qualified immunity from § 1983 claims unless (1) their alleged conduct violated a constitutional right, and (2) that right was clearly established. *Id*. at 201-02. In

9

determining whether a right was clearly established, the Court does not consider the right as a "broad general proposition." *Id*. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

As discussed above, Mr. Brown has sufficiently alleged that Defendants violated his constitutional rights. Moreover, the constitutional right allegedly violated was clearly established.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited deliberate indifference." *Id.* (internal quotation marks omitted). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), or make "medically unacceptable [treatment choices] under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Mr. Brown's Second Amended Complaint alleges that Dr. Rohlfing intentionally refused to prescribe proper pain medication to alleviate Mr. Brown's "excruciating pain" due to his personal animosity toward Mr. Brown's status as a "drug addict[]." Mr. Brown further alleged that Dr. Rohlfing informed him that his "duty of care stops at the penitentiary." These allegations are sufficient to defeat Dr. Rohlfing's motion to dismiss on qualified immunity grounds. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996) (rejecting defendants' claim for qualified immunity based on plaintiff's allegation that "the doctors chose to deny him the opportunity for a kidney transplant, not because of an honest medical judgment, but on account of personal animosity").

Accordingly, IT IS HEREBY ORDERED that:

10

1. Group Defendants' motion to dismiss Mr. Brown's ADA claim against Defendants Martin, Johnson, Felker, Malfi, Surges, Alameida, Rianda, Runnels, Kopec, Fleischman, Fiegner and Cole in their individual capacities is granted, all other aspects of Group Defendants' motion to dismiss Mr. Brown's Second Amended Complaint are denied;

2. Defendant Jeffery W. Rohlfing's motion to dismiss the Second Amended Complaint is denied; and

3. Defendant Jeffery W. Rohlfing and members of Group Defendants who have not filed an answer to Mr. Brown's Second Amended Complaint shall do so within twenty days of this Order.

DATED: August 20, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation